# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
ALLISTER LEGISTER,

         Plaintiff,

-against-

THE CITY OF NEW YORK, ERIK M. HIRSCH, JOHN AND JANE DOES-Police Officers as yet unidentified,

         Defendants.
-------------------------------------------------------------------------X

Index No.
Date Purchased: 6/21/2021

Plaintiff designates
NEW YORK
County as the place of trial.

The basis of the venue is
LOCATION OF
OCCURRENCE

**Summons
with Complaint**

To the above-named Defendants

  **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in this complaint.

Dated: June 21, 2021

Defendants' address:
The City of New York
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

LEVINE & SLAVIT, PLLC

BY: _____
  THOMAS COMBS
Attorneys for Plaintiff
Office and Post Office Address
60 EAST 42ND STREET-SUITE 2101
NEW YORK, NY 10165-6233
212 687-2777

**Notice:** The nature of this action is FOR BODILY INJURY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ALLISTER LEGISTER,

                      Plaintiff,

      -against-

THE CITY OF NEW YORK, ERIK M. HIRSCH, JOHN
AND JANE DOES-Police Officers as yet unidentified,

                      Defendants.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, LEVINE & SLAVIT, PLLC, complaining of the defendants herein respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT, BATTERY, AND EXCESSIVE FORCE

FIRST: That at all the times hereinafter mentioned, the defendant CITY OF NEW YORK (hereinafter referred to as "CITY") was and still is a domestic municipal corporation.

SECOND: That the plaintiff has complied with all of the conditions precedent to the bringing of this action pursuant to the provisions of the Administrative Code of the City of New York and the General Municipal Law of the State of New York, having duly served notice upon the Corporation Counsel and the Comptroller of the City of New York of his intention to sue upon the claim hereinafter set forth within 90 days of the accrual of the cause of action herein; that more than 30 days have elapsed since the presentation of said notice of claim and the Comptroller of the City of New York has failed and refused to make any adjustment of said claim for 30 days after last presentment.

THIRD: That on May 27, 2021, pursuant to the General Municipal Law, a statutory 50-H hearing of the plaintiff was held.

FOURTH: That at all the times hereinafter mentioned, the defendant CITY maintains a police force known as the New York City Police Department.

FIFTH: That all the times hereinafter mentioned, defendant CITY employed ERIK M. HIRSCH (hereinafter "HIRSCH").

SIXTH: That all the times hereinafter mentioned, defendant CITY employed HIRSCH as a police officer with the aforementioned police department with badge number 3907.

SEVENTH: That all the times hereinafter mentioned, defendant HIRSCH was acting within the scope of his employment and scope of his duties.

EIGHTH: That at all the times hereinafter mentioned, defendant CITY employed JOHN AND JANE DOES-Police Officers as yet unidentified, as police officers. (Hereinafter, "DOES")

NINTH: That at all the times hereinafter mentioned, defendant CITY employed DOES as police officers with the aforementioned police department.

TENTH: That at all the times hereinafter mentioned defendants DOES were acting within the scope of their employment and scope of their duties.

ELEVENTH: That at all the times hereinafter mentioned, plaintiff was lawfully present at or about the intersection of 14th Street and Sixth Avenue in the Borough of Manhattan, City and State of New York.

TWELFTH: That on or about the 1st day of June 2020, while plaintiff was lawfully present at or about the intersection of 14th Street and Sixth Avenue in the Borough

of Manhattan, City and State of New York, he was assaulted and battered by defendant HIRSCH, who was acting in the scope of his employment with the defendant CITY.

THIRTEENTH: That on or about the 1st day of June 2020, while plaintiff was lawfully present at or about the intersection of 14th Street and Sixth Avenue in the Borough of Manhattan, City and State of New York, he was assaulted and battered by the defendants DOES, who were acting in the scope of their employment with the defendant CITY.

FOURTEENTH: That the aforementioned assault and battery was performed knowingly, intentionally, and willfully.

FIFTEENTH: That the aforementioned assault and battery was performed without probable cause and was not the result of an appropriate arrest.

SIXTEENTH: The CITY's actions, carried out by its employees HIRSCH and DOES, were the result of an official policy or custom and evinced a deliberate indifference to the rights of its inhabitants.

SEVENTEENTH: That by reason of said assault and battery the plaintiff was caused to suffer severe and serious injuries in and about diverse parts of his person and suffered great pain, distress, mental shock, mental anguish.

EIGHTEENTH: That by reason of the foregoing plaintiff sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING AND RETENTION**

NINETEENTH: Plaintiff repeats and realleges each and every allegation set forth above numbered "FIRST" through "EIGHTEENTH" with the same force and effect as if more fully set forth at length herein.

TWENTIETH: The defendant CITY did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training, and retention of the defendants HIRSCH and DOES, who assaulted, battered, and violated the civil rights of the plaintiff.

TWENTY-FIRST: That the defendant CITY had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants HIRSCH and DOES, and continued to employ them and allowed them to be in contact with the public at large.

TWENTY-SECOND: The CITY's actions were the result of an official policy or custom and evinced a deliberate indifference to the rights of its inhabitants.

TWENTY-THIRD: By reason of the foregoing, plaintiff sustained damages in an amount exceeding the jurisdictional limits of all the lower courts.

**AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE ARREST**

TWENTY-FOURTH: Plaintiff repeats and realleges each and every allegation set forth above numbered "FIRST" through "TWENTY-THIRD" with the same force and effect as if more fully set forth at length herein.

TWENTY-FIFTH: That at all times hereinafter mentioned and upon information and belief, defendants, HIRSCH and DOES, were acting within the course of their employment and scope of his duties when they, without justification and without probable cause, falsely arrested and imprisoned the plaintiff.

TWENTY-SIXTH: That defendants HIRSCH and DOES, while acting within the scope of their employment, intentionally confined the plaintiff against his will and said confinement was not privileged.

TWENTY-SEVENTH: By the reason of the foregoing, the plaintiff sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### **AS AND FOR A FOURTH CAUSE OF ACTION FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

TWENTY-EIGHTH: Plaintiff repeats and realleges each and every allegation set forth above numbered "FIRST" through "TWENTY-SEVENTH" with the same force and effect as if more fully set forth at length herein.

TWENTY-NINTH: The defendants acted intentionally, recklessly and with utter disregard for the consequences of their actions and caused severe emotional distress to the plaintiff through their actions.

THIRTIETH: Said actions exceeded all reasonable bounds of decency, were outrageous and shocking and resulted in severe emotional distress to the plaintiff.

THIRTY-FIRST: That as a result of said intentional and negligent acts, the plaintiff become sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of his person and suffered great physical pain, distress, mental shock, mental anguish, and psychological trauma and was otherwise injured.

THIRTY-SECOND: By reason of the foregoing, the plaintiff sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### **AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS**

THIRTY-THIRD: Plaintiff repeats and realleges each and every allegation set forth above numbered "FIRST" through "THIRTY-SECOND" with the same force and effect as if more fully set forth at length herein.

THIRTY-FOURTH: The defendants, THE CITY OF NEW YORK, HIRSCH and DOES, who were acting under the color of law and within the scope of their authority, assaulted, battered, falsely arrested, and falsely imprisoned the plaintiff in violation of 42 U.S.C.A. section 1983 as well as other applicable state and federal laws.

THIRTY-FIFTH: The defendants, THE CITY OF NEW YORK, HIRSCH and DOES, acting under color of law and within the scope of their authority, deprived the plaintiff of liberty without due process and without reasonable cause in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

THIRTY-SIXTH: The defendants, by their actions, deprived the plaintiff of his civil rights as guaranteed by statute.

THIRTY-SEVENTH: That the assault, battery, false arrest, and false imprisonment was in violation of the civil rights of the plaintiff, more particularly, 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

THIRTY-EIGHTH: That the depravation by the defendants HIRSCH and DOES of plaintiff's civil rights was the result of defendants' actions under color of law and within their authority as law enforcement officers within the employ of defendant CITY.

THIRTY-NINTH: The CITY's actions were the result of an official policy or custom and evinced a deliberate indifference to the rights of its inhabitants.

FORTIETH: That the defendants' actions were not privileged or immune.

FORTY-FIRST: By reason of the foregoing, the plaintiff sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

WHEREFORE, plaintiff, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the First, Second, Third, Fourth and Fifth Causes of Action, together with attorneys fees and the costs and disbursements of this action.

LEVINE & SLAVIT, PLLC

BY:_____
      THOMAS COMBS
Attorneys for Plaintiff
Office & P.O. Address
60 East 42nd Street, Suite 2101
New York, New York 10165-6233
212 687-2777

ATTORNEY'S AFFIRMATION

STATE OF NEW YORK )
: SS:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am an associate of the firm of LEVINE & SLAVIT, PLLC the attorney of record for plaintiff in the within action; I have read the foregoing COMPLAINT and know the content thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff is that he is not within the County where the undersigned maintains his office, to wit, New York County.

The grounds of my belief as to all matter not stated upon my own knowledge are as follows: records on file in his office and investigations caused by him to be made.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       June 21, 2021

_____
THOMAS COMBS

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ALLISTER LEGISTER,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, ERIK M. HIRSCH, JOHN AND JANE DOES-Police Officers as yet unidentified,

                              Defendants.

## SUMMONS WITH COMPLAINT

LEVINE & SLAVIT, PLLC
Attorneys for Plaintiff
Office & Post Office Address
60 East 42nd Street, Suite 2101
New York, NY 10165-6233
(212) 687-2777